[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11578
_____

D. C. Docket No. 1:11-cr-00016-SPM-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ENRIQUE PEREZ RODRIGUEZ,
ALEXANDER SALAZAR CASTILLO,
CARIDAD  MOREJON HERNANEZ,
ALFREDO CRUZ CARO,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(October 17, 2013)

Before PRYOR and ANDERSON, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:

_____

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

This case involves an appeal of their convictions in connection with a marijuana conspiracy by four Appellants – Pedro Enrique Perez Rodriguez ("Perez"), Alexander Salazar Castillo ("Castillo"), Caridad Morejon Hernanez ("Hernanez"), and Alfredo Cruz Caro ("Cruz Caro").  After careful consideration of the briefs and relevant parts of the record, and with the benefit of oral argument, we conclude that the judgment of the district court should be affirmed.  We address the several arguments of the Appellants in turn.

A.   Sufficiency Challenge by Hernanez, Cruz Caro, and Castillo.

Appellants Hernanez, Cruz Caro, and Castillo challenge the sufficiency of the evidence.  Appellants Cruz Caro and Castillo do not make a traditional challenge to the sufficiency of the evidence.  Rather, each acknowledges, explicitly or implicitly, the sufficiency of the evidence to convict them of a conspiracy with Perez, but argue that their conspiracy with Perez was separate and distinct from the overall conspiracy charged in the indictment.  After careful consideration of the evidence, and in light of binding case law in this Circuit, we reject this argument by Appellants Castillo and Cruz Caro.  See United States v. Taylor, 17 F.3d 333 (11th Cir. 1994); United States v. Stitzer, 785 F.2d 1506 (11th Cir. 1986).  We also reject Appellant Hernanez's sufficiency challenge; we conclude that a reasonable jury could have found him guilty beyond a reasonable doubt.

2

B.  Brady/Confrontation Clause Challenge by Perez, Hernanez, and Cruz Caro

Appellants Perez, Hernanez, and Cruz Caro raise an issue based upon Brady[1]

and the Confrontation Clause.  The government's star witness was Alex Rodriguez.

He was deeply involved in the conspiracy, but pled guilty and testified at trial

against his previous co-conspirators.  After considerable surveillance of Perez and

Rodriguez, law enforcement made a traffic stop on Rodriguez on April 4, 2011.

Rodriguez was first interviewed by Agent Hunter on April 7, 2011, at which time he

told the agent that he had no knowledge of any marijuana grow operations in the

relevant counties.  It is Agent Hunter's summary of this interview that is the subject

of this Brady/Confrontation Clause issue.  After Agent Hunter completed his

testimony on the second day of the trial, the court ordered, and the government

produced, what it thought at the time was all of the reports which the law

enforcement agents had taken of the several witnesses.  This occurred at noon on the

second day of the trial.  However, toward the end of the fourth day of trial, counsel

for one of the defendants noticed that Agent Hunter's report of his June 6, 2011,

interview with Rodriguez referenced an earlier interview of Rodriguez in April, and

brought attention to this fact and the fact that no report of an April 2011 interview of

Rodriguez had been produced on the second day of trial.  Government counsel

indicated that his intent on the second day of trial had been to copy and produce all

---

[1]        Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

3

of the relevant reports, but stated that he would find the report of the April interview as soon as court recessed for the evening. The next morning, government counsel apologized for the inadvertent omission of the report of the April 7, 2011, interview of Rodriguez, and reported that he had produced same to the defense. The district court ruled that Agent Hunter could be recalled and subjected to further cross-examination, but the district court declined the defense request to recall witness Rodriguez for further cross-examination. The district court had earlier ruled that such reports were not Jencks[2] material, in that they were not signed, adopted or approved by Rodriguez, and were not a substantially verbatim recital of Rodriguez's oral statement. Thus, the report could not be used to impeach Rodriguez, and there was no cause to recall Rodriguez. Appellant Cruz Caro moved for a mistrial based on not being able to cross-examine Rodriguez using Agent Hunter's report of his April 7, 2011, interview of Rodriguez. The motion was joined by counsel for Perez and Hernanez.

On appeal, all three Appellants present both a Brady claim and a claim of violation of the Confrontation Clause. After careful consideration, we conclude that Appellants have failed to establish either violation.

With respect to the Brady claim, Appellants cannot establish that there is a reasonable probability of a different result had the report been produced in a more

---

[2]    The Jencks Act, 18 U.S.C. § 3500.

4

timely manner.   The jury already knew from the testimony of Agent Hunter that, in the April 7, 2011, interview, Rodriguez had denied knowledge of the grow houses, and that the interview was terminated because the agent thought Rodriguez was lying.  Thus, the substance of the April 7 interview report was clearly placed before the jury.  We readily conclude that there is no Brady violation.

We also conclude that there has been no Confrontation Clause violation. Appellants do not challenge the district court's ruling that the April 7, 2011, interview report itself is not Jencks material.   Thus, the district court's ruling that the report itself could not be used to impeach Rodriguez stands unchallenged.[3] However, the government conceded at oral argument that the district court should have allowed the recall of Rodriguez for further cross-examination – not with the report itself, i.e., not with the Jencks material – but merely to inquire about prior statements by Rodriguez to law enforcement agents inconsistent with his trial testimony claiming extensive knowledge and participation with respect to the marijuana grow operations.[4]  Even assuming error in this regard, we cannot conclude that there has been a violation of the Confrontation Clause.  In view of the

---

[3]      Appellant Cruz Caro does assert that the report was a verbatim report of  Rodriguez's April 7, 2011, statement.   However, the assertion is a bald one, supported by no facts or argument.   Such a bald assertion is not sufficient to present the issue for appellate review. Moreover, the report of the April 7, 2011, interview is apparently not in the record on appeal; and thus, even if Appellant had presented a viable argument, we would have no way to review the district court's ruling.

[4]      We agree with the government that any evidentiary error in this regard is harmless.

fact that the jury clearly knew from Agent Hunter's testimony that Rodriguez had initially denied knowledge of the grow houses in the April 7, 2011, interview,[5] we cannot conclude that a reasonable jury would have had a significantly different impression of Rodriguez's credibility had the defense been permitted to question Rodriguez, again pointing up this inconsistency with his trial testimony. See United States v. Garcia, 13 F.3d 1464, 1469 (11th Cir. 1994) ("The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness's credibility had counsel pursued the proposed line of cross-examination.").

C. Cumulative Error Challenge by Hernanez[6]

Finally, Appellant Hernanez asserts cumulative error, listing the Brady/Confrontation Clause claim and two additional alleged errors. Having rejected the Brady/Confrontation Clause claim, we turn to the two additional alleged errors. First, Appellant Hernanez argues that, after his cross-examination of Rodriguez was finished, the witness admitted to another defendant on cross-examination that the agents had shown him photos of the co-defendants during his

---

[5]    Although the explicit corroboration by Rodriguez of Agent Hunter's testimony to this effect occurred in a proffer outside the presence of the jury, nothing in Rodriguez' testimony before the jury is inconsistent with Agent Hunter's testimony. To the contrary, it is clear even from Rodriguez' own testimony before the jury that he did not decide to cooperate with law enforcement until after he got an attorney.

[6]    Appellant Perez also raises an issue of cumulative error, listing the Brady/Confrontation Clause error and a vouching error. We have already rejected the former and the latter is frivolous.

6

June 9, 2011, interview with the agents.   He argues that he was thus denied the ability to cross-examine and confront Rodriguez with the possibility that this tainted his in-court identification of Hernanez.  In light of the evidence in this case, we cannot conclude that "a reasonable jury would have received a significantly different impression of [Rodriguez's] credibility" had Hernanez's own counsel himself been permitted to ask Rodriguez about the effect of the June 9 showing of the photos. <u>Garcia</u>, 13 F.3d at 1469.  It was clear from the testimony of Rodriguez that he had personally seen Hernanez multiple times – including at least twice at the Marion Oaks grow house and once or twice in a public parking lot to drop off and pick up marijuana or cash.

Finally, Appellant Hernanez argues that the district court erred in admitting Exhibit 50, an analysis of the telephone calls between the co-conspirators.  We note that the raw data, from which the analysis was derived, was timely produced to the defense.  We cannot conclude that the district court abused its broad discretion in admitting Exhibit 50.

Other arguments of Appellants are rejected without need for discussion.  For the foregoing reasons, the judgment of the district court with respect to each of the four Appellants is

AFFIRMED.